NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|                              |   |                        |
|------------------------------|---|------------------------|
| UNITED STATES OF AMERICA,    | : |                        |
|                              | : |                        |
| Plaintiff,                   | : | Crim. No. 08-177 (JAP) |
| v.                           | : |                        |
|                              | : | **OPINION**            |
| DENNIS SAULTER               | : |                        |
|                              | : |                        |
| Defendant.                   | : |                        |

PISANO, District Judge:

Presently before the Court is Defendant Dennis Saulter's motion to dismiss the indictment and suppress the underlying deportation order. Saulter is charged with one count of illegal re-entry into the United States in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). For the reasons that follow, Defendant's motion is denied.

## I.   Background

Dennis Saulter, a citizen of Jamaica, entered the United States as a lawful permanent resident on March 16, 1971. (Defendant's Exhibit A). On June 15, 1994, Saulter pled guilty to burglary in violation of N.J.S.A. § 2C:18-2, and was sentenced to four years imprisonment. (Defendant's Exhibit C). Saulter was paroled in 1996, after serving two years of his four year sentence. (United States' Exhibit G). The 1994 burglary conviction was Saulters seventh felony conviction since 1985. (*Id.*).

On or about April 10, 1998, the Immigration and Naturalization Service ("INS") commenced deportation proceedings against Saulter. (Defendant's Exhibit D). Saulter was detained on or about May 11, 1998 and bond was set at $250,000.00. (*Id.*). Saulter, who was represented by counsel, sought redetermination of the bond amount, and after a hearing, the

Immigration Judge ("IJ") determined that a $250,000.00 was appropriate. (United States' Exhibit G). On July 6, 1998, a removal proceeding was held before the IJ. (Defendant's Exhibit E). At the conclusion of the proceeding, the IJ ordered Saulter removed from the United States and returned to his native Jamaica. (*Id.*). The IJ did not consider Saulter for relief from deportation pursuant to 8 U.S.C. § 1182(c) because amendments to the Immigration and Naturalization Act ("INA") resulting from the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") led the IJ to conclude that such relief was not available as a matter of law. (United States' Exhibit G). Saulter did not appeal his deportation order to the Board of Immigration Appeals ("BIA"). (Defendant's Exhibit E). Saulter was returned to Jamaica on August 7, 1998. (*Id.*).

Saulter subsequently reentered the United States without authorization. On March 5, 2008, a federal Grand Jury indicted Saulter for illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Saulter is currently detained pending the outcome of this case.

## II. Discussion

It is a felony for an alien who has previously been removed from the United States to reenter the United States without the Attorney General's express consent. 8 U.S.C. § 1326(a)(2). An alien "whose removal was subsequent to a conviction for commission of an aggravated felony" may be imprisoned for up to 20 years if found guilty of illegal reentry. 8 U.S.C. § 1326(b)(2). Prior to the enactment of the AEDPA and the IIRIRA, the Attorney General had the absolute discretion to waive deportation of lawful permanent residents "who had resided in the United States for at least seven years, so long as they had served less than five years in prison for an 'aggravated' felony" pursuant to § 212(c) of the INA. *United States v. Torres*, 383 F.3d 92,

98 (3d Cir. 2004). In 1996, the AEDPA and the IIRIRA revoked the Attorney General's power to waive deportation. *Id.* at 96. The BIA interpreted the AEDPA and IIRIRA to have retroactive effect and determined that the Attorney General did not have the power to waive deportation of criminal aliens convicted prior to the effective dates of the statutes. *In re Soriano*, 21 I. & N Dec. 516, 519 (1996). In 2001, the Supreme Court reversed *Soriano* when it held that the bars on discretionary relief found in the AEDPA and the IIRIRA's do not apply to criminal aliens who pled guilty to a disqualifying crime prior to the effective dates of the statutes. *INS v. St. Cyr*, 533 U.S. 289, 326 (2001).

Saulter challenges the deportation order underlying the charge of illegal reentry on the basis that he pled guilty to an aggravated felony prior to the effective dates of the AEDPA and IIRIRA but was not considered for a discretionary waiver of deportation pursuant to § 212(c). Saulter argues that the IJ's erroneous conclusion that § 212(c) relief was not available "offended basic principles of fairness, notice, and reliance." (Defendant's Brief at 8-9.). In order to successfully challenge a deportation order an alien must do more than show that a legal error occurred during his deportation proceeding. An alien charged with illegal reentry challenging the underlying deportation order must establish that "1) [he has] exhausted any administrative remedies that may have been available to seek relief against the order; 2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; <u>and</u> 3) the entry of the order was fundamentally unfair." 8 U.S.C. 1326(d) (emphasis added). The three elements articulated in 8 U.S.C. § 1326(d) "are listed in the conjunctive, meaning that all three must be met before an alien will be permitted to mount a collateral challenge to the underlying removal order." *Torres*, 383 F.3d at 98.

Assuming, *arguendo*, that Saulter can establish that he has exhausted his administrative remedies and was denied meaningful judicial review; his challenge still fails because entry of the deportation order underlying the current charges was not fundamentally unfair.  In 2004, the United States Court of Appeals for the Third Circuit addressed "the scope of an alien's right to collaterally attack the removal order that underlies a conviction for unlawful reentry" in a case that is factually similar to the instant case.  *Id.* at 94.  Like Saulter, the defendant in *Torres* had pled guilty to an aggravated felony prior to the enactment of the AEDPA and the IIRIRA but faced deportation after enactment.  *Id.*  Torres was not considered for relief from deportation pursuant to § 212(c) because the IJ believed that the AEDPA and the IIRIRA made such relief unavailable.  *Id.*  After his removal, Torres reentered the United States without the express consent of the Attorney General and was subsequently convicted of unlawful reentry.  *Id.* at 95.  He appealed his conviction on the theory that the underlying deportation order was invalid due to the IJ's failure to consider waiving deportation pursuant to § 212(c).  *Id.*  In *Torres*, the United States conceded the issue of administrative exhaustion, and the court assumed, *arguendo*, that Torres had been denied meaningful judicial review; nonetheless, the *Torres* Court affirmed Torres's conviction by holding that the underlying deportation order was not fundamentally unfair.  *Torres*, 383 F.3d at 102-03.

    Fundamental fairness is a question of procedure.  *Id.* at 103.  Removal proceedings are civil, not criminal proceedings, therefore though entitled to due process, the process due an alien in a removal proceeding "measure[s] less than the panoply available to a criminal defendant." *Id.* "[D]ue process requires an alien who faces removal be provided 1) notice of the charges against him, 2) a hearing before an executive or administrative tribunal, and 3) a fair opportunity to be heard."  *Id.* at 104 (quoting *United States v. Lopez-Ortiz*, 313 F.3d 225, 230 (5th Cir. 2002)).  An

error of law, without more, will rarely constitute a violation of due process. *Id*. Specifically, the Third Circuit has held that an IJ's error of law concerning the availability of §212(c) relief will not, by itself, render a deportation proceeding fundamental unfair. *Id.*

In this case, although the IJ erroneously concluded that § 212(c) relief was not available to Saulter, Saulter knew why the Government sought his removal, and was represented by counsel during a hearing before an IJ in which he had an opportunity to be heard. The IJ's conduct, in total, did not render entry of the deportation order fundamentally unfair. Therefore, Saulter's motion to dismiss the illegal reentry indictment and to suppress the underlying deportation order is denied.

An appropriate Order accompanies this opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: December 28, 2009